## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DONALD RICHARD NEBEL,

      Petitioner,

v.                               CASE NO:  8:03-CV-1731-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondent(s).

_____/

## ORDER

      Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).   Petitioner challenges his convictions on two counts of Handling and Fondling, two counts of Battery, one count of Lewd and Lascivious Conduct, and one count of Sexual Battery by a Person in a Position of Familial Authority, in Manatee County, Florida, case number 99-3505-F. Respondents have filed a Response (Dkt. #4) to which Petitioner has filed a Reply (Dkt. #15).  The Court, having considered these matters, determines that Petitioner's motion should be DENIED.

## PROCEDURAL BACKGROUND

      Respondent acknowledges that the petition is timely, but the procedural history is important here in two respects: (1) the parties acknowledge that there is potential confusion

because the counts as numbered on the verdict form do not match the counts as numbered in the charging document, and (2) to show the extent to which Petitioner's claims were exhausted in the state courts.

Petitioner was charged with fourteen counts in an Amended Information. At the close of the evidence, the trial court granted a judgment of acquittal as to counts three and fourteen. These two counts were removed from the verdict form and the count numbers were changed on the verdict form. For example, count four from the Amended Information became count three on the verdict form.

The jury found Petitioner not guilty of Count 1 (capital sexual battery); guilty of the lesser offense of battery in Count 2 (capital sexual battery); not guilty of Count 3 (Count 4 of the information, submitted to the jury as Count 3 after the court granted a motion for acquittal on Count 3, capital sexual battery); not guilty of Count 5 (submitted as Count 4, attempted capital sexual battery); guilty as charged of Count 6 (submitted as Count 5, handling and fondling); guilty of the lesser offense of lewd and lascivious conduct as to Count 7 (submitted as Count 6, capital sexual battery); guilty of the lesser included offense of battery of Count 8 (submitted as Count 7, capital sexual battery); not guilty of Count 9 (submitted as Count 8, capital sexual battery); not guilty of Count 9 (submitted as Count 8, capital sexual battery); not guilty of Count 10 (submitted as Count 9, capital sexual battery); not guilty of Count 11 (submitted as Count 10, attempted capital sexual battery); guilty as charged as to Count 12 (submitted as Count 11, handling and fondling); guilty as charged of Count 13 (submitted as Count 12, sexual battery by a person in a position of familial

authority).

Petitioner appealed his convictions raising only one issue:

**<u>Issue One</u>**:   Whether the prosecutor committed egregious and inexcusable misconduct during trial, thereby depriving the defendant of a fair trial?

The Second District Court of Appeal of Florida denied the appeal in a *per curiam* unwritten opinion at <u>Nebel v. State</u>, 788 So.2d 976 (Fla. DCA 2001) (table).

Petitioner then filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. There are more than sixty numbered paragraphs in Petitioner's motion from which the state trial court identified nineteen allegations of ineffective assistance of trial counsel. The court summarily denied all of the claims in a written order. Petitioner appealed this ruling and again the Second District Court of Appeal affirmed in unwritten *per curiam* opinion at <u>Nebel v. State</u>, 818 So.2d 513 (Fla. 2d DCA 2002) (table).

Petitioner filed a pro se petition for writ of habeas corpus with the Second District Court of Appeal in Florida alleging that his appellate counsel was ineffective. This petition asserted seven issues which Petitioner claimed appellate counsel should have raised on appeal. The appellate court required the state to submit a supplemental appendix including a transcript of the pre-trial hearing on Petitioner's motion to suppress and a complete trial transcript. After review, the Second District Court of Appeal denied the petition. Petitioner then filed a second Rule 3.850 motion with the state trial court. He asserted four additional allegations of ineffective assistance of trial counsel. The trial court summarily denied these additional claims. The Second District Court of Appeal affirmed the summary denial in a

*per curiam* unwritten opinion at <u>Nebel v. State</u>, 845 So.2d 198 (Fla. 2d DCA 2003) (table).

Petitioner then filed the present petition in federal court for writ of habeas corpus raising nine grounds for relief:

**Ground One:**      Trial counsel was ineffective for failing to retain a defense medical expert to rebut the statements of the state's examining physician.

**Ground Two:**      Trial counsel was ineffective for failing to object to the prosecutor's improper questioning of Petitioner and to object to comments made by the prosecutor during closing argument.

**Ground Three:**      Appellate counsel was ineffective for raising on direct appeal the issue that the trial court reversibly erred in denying the motion to suppress statements by recorded phone intercept.

**Ground Four:**      Appellate counsel was ineffective for failing to challenge Petitioner's conviction for handling and fondling in count seven of the information.

**Ground Five:**      Appellate counsel was ineffective for failing to raise the issue that fundamental error occurred where Petitioner was convicted of an uncharged offense.

**Ground Six:**      Appellate counsel was ineffective in failing to raise the issue that fundamental error occurred in that several of the convictions and sentences are in violation of the due process and/or double jeopardy clause of the state and federal constitutions and/or trial court reversibly erred in denying the defense motion for judgment of acquittal as to several of the convictions.

**Ground Seven:**      Trial counsel was ineffective in failing to object to the Petitioner being handcuffed and shackled during his trial.

**Ground Eight:**      Trial counsel was ineffective in failing to investigate witnesses for his defense.

**Ground Nine:** Appellate counsel was ineffective for failing to raise the issue that the trial court reversibly erred in overruling defense counsel's objections and allowing the admission of prior consistent statements of the victim.

This Court will address each ground individually but will first address the standard of review controlling this petition. It appears that Petitioner may misperceive the role of this Court which is limited by the provisions of 18 U.S.C. §2254.

## STANDARD OF REVIEW

Petitioner's various claims deal with evidentiary rulings made in the state trial court which he claims were improper and the handling of those rulings by his various lawyers which he claims were ineffective. Review by this Court of these types of claims is severely limited.

This Court does not sit as a super court of appeal of state court evidentiary rulings. Those matters are to be resolved by state courts because they concern state law issues. See Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002). Federal habeas relief is available only where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). As the Eleventh Circuit stated in McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992) (*cert. denied*, 507 U.S. 975) (1993):

> A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writ of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state

except in extreme cases.  Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. Unit
A 1981).

Federal courts in habeas corpus proceedings do not sit to review state evidentiary questions unless the alleged error is of such magnitude as to render the state court defendant's trial fundamentally unfair.  See Estelle v. McGuire, 502 U.S. 62, 72 (1991).  To constitute a denial of fundamental fairness, the evidence erroneously admitted at trial must be material in the sense of a crucial, critical, highly significant factor.   Jameson v. Wainwright, 719 F.2d 1125, 1127 (11th Cir. 1983).  Rarely will an evidentiary ruling render a trial fundamentally unfair and correspondingly federal habeas corpus relief is rarely deemed appropriate for claims predicated on allegations of state evidentiary error.  See Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11th Cir. 1984), cert. denied, 470 U.S. 1059 (1985).

These limitations on federal review of state court evidentiary rulings emanate from the provisions of 28 U.S.C. §2254.  The statute is clear that habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

> (1)    was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or
>
> (2)    was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

In <u>Williams v. Taylor</u>, 529 U.S. 362, the Supreme Court held:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." <u>Parker v. Head</u>, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §2254(e)(1).  This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  <u>McBride v. Sharpe</u>, 25 F.3d 962, 971 (11th Cir. 1994).

This Court's review of Petitioner's ineffective assistance of counsel claims is also limited.  According to clearly established federal law enunciated by the United States Supreme Court, to establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms.  <u>Strickland</u>, 466 U.S. at 688.  Prejudice results when there is "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Both prongs (deficient performance and prejudice) must be shown before a petitioner is entitled to habeas relief. The Eleventh Circuit has held that when applying Strickland, a federal district court may dispose of ineffectiveness claims on either of the two prongs without the necessity of discussing the other. Oats v. Singletary, 141 F.3d 1018 (11th Cir. 1998).

## EVIDENTIARY HEARING

When the petition concerns state court proceedings, the factual basis necessary to support a claim for habeas relief in this Court must be developed in the record of state court proceedings, except under very limited circumstances. See Breard v. Greene, 523 U.S. 371, 376 (1998). The provisions of the AEDPA governing evidentiary hearings in federal habeas corpus cases are found at 28 U.S.C. §2254(e)(2), which states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> A.    the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> B.    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Consistent with the AEDPA goal of streamlining the habeas process, this provision "expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." <u>Kelley v. Sec., Dep't of Corr.</u>, 377 F.3d 1317, 1337 (11th Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S.Ct. 2962 (Jun. 27, 2005).

Even if a petitioner convinces the district court that he diligently sought to develop the factual basis of a claim for habeas relief but was denied the opportunity to do so by the state court, the petitioner must still persuade the district court that the facts supporting the claims for which the evidentiary hearing is requested "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [the petitioner] guilty of the underlying offense." 28 U.S.C. §2254(e)(2)(B).

Petitioner does not meet either of the exceptions in 28 U.S.C. §2254(e)(2). Therefore, he is not entitled to an evidentiary hearing in this Court. All facts relevant to his claim must be taken, to the extent they exist, from the state court record.

## **DISCUSSION**

Having explained the standards by which this Court must analyze Petitioner's claims, the Court will now address each claim individually.

**Ground One:** Trial counsel was ineffective for failing to retain a defense medical expert to rebut the statements of the state's examining physician.

Petitioner supports this ground by arguing that the alleged victim claimed Petitioner had abused her over a long period of time by penetrating her vagina with his penis. He

contends the state's medical expert testified that the alleged victim's hymen was still intact with no evidence of any physical findings of penetration of the vagina or anus, but that the expert testified the hymen could have grown back together.   Petitioner claims his trial counsel was deficient by not having an expert to rebut this testimony.

Petitioner raised this same claim with the state trial court in a Rule 3.850 motion for post-conviction relief.   The trial court held, and this Court agrees, that Petitioner failed to demonstrate prejudice because the state's medical expert did not testify as Petitioner claimed and there was really nothing to rebut.   The state trial court said:

> Dr. Isaac testified that he examined the child victim and found no physical signs of sexual abuse.   He concluded that he could not rule sexual abuse in or out based upon his examinations.   (T.T. 255-257) In fact, the report attached to Defendant's Motion as Exhibit F supports this testimony.   On cross, defense counsel had the doctor reiterate that he made no abnormal findings on the victim's examination.   (T.T. 263-268)
>
> The Defendant focuses on one facet of Dr. Isaac's testimony, which he also misrepresents in his Motion.   Dr. Isaac did not testify that after 6-7 years of biweekly penetration, a torn hymen could repair itself in 3 months with no indication of penetration, as alleged by the Defendant.   He did, however, indicate that a minor tear could heal within 3 months times.   (T.T. 259-260) Notwithstanding the fact that the Defendant thinks this testimony is ludicrous, there is nothing in Dr. Isaac's testimony that required counter-testimony from a defense medical expert.   Therefore, the Court does not find that Defendant was prejudiced by his counsel's failure to retain a medical expert.

(Order Denying Defendant's Motion for Post-Conviction Relief at p. 4).

Since there has been no demonstration of prejudice, this ground does not satisfy the Strickland test and must be denied.   Strickland, 466 U.S. 668.

**Ground Two:**      Trial counsel was ineffective for failing to object to the prosecutor's improper questioning of Petitioner and to object to comments made by the prosecutor during closing argument.

Petitioner supports ground two by arguing that the prosecutor asked numerous improper questions of the defendant and made numerous improper comments during closing arguments "which were irrelevant and which served no purpose other than to depict the defendant as child neglector and pervert who blamed all his problems on others." (Petition, p. B18). To prevail on this argument, Petitioner must show that his trial counsel's performance was both deficient (that the questions and comments were actually improper) and prejudicial (that had trial counsel performed differently, the result of the trial would have been different). Strickland, 466 U.S. at 694. Petitioner fails to meet both of these prongs.

The prosecutor's questions and comments were relevant because of Petitioner/defendant's defense at trial. Petitioner admitted to a single, over the clothes touching of the victim's vagina. (The state had recorded a telephone conversation in which he had acknowledged such contact.) But he would not admit that the touching was sexually motivated or why he touched her. The defense theory was that the alleged victim was bringing false sexual abuse claims against Petitioner because she was angry about the single, over the clothes touching. The defense had pointed out that the abuse allegedly happened over a several year period, but the alleged victim had made no complaints over all that time. The prosecution questions were intended to counter this defense and to establish defendant's lustful and sensual intent, an essential element of the lewd and lascivious charge.

The evidence about the schools the alleged victim attended and the houses she lived in were used to help date the offenses described by the alleged victim and to establish venue. It was also used in an effort to explain why the alleged victim had not told any of her teachers about the abuse (on the theory that she had never been at one school long enough to develop a sense of trust with any one teacher).

State courts are given wide latitude in the area of evidentiary rulings, relevancy and arguments.  See Maness v. Wainwright, 512 So.2d 88 (5th Cir. 1975), *cert. dismissed*, 430 U.S. 550 (1977).  It appears from the record that had trial counsel made objections to these questions and arguments, they would have been overruled and would have merely caused the jury to give them more attention.  The failure to object was neither deficient nor prejudicial to the point of making the trial fundamentally unfair.  Therefore, ground two fails to meet either of the Strickland prongs and must be denied.

**Ground Three:**    Appellate counsel was ineffective for raising on direct appeal the issue that the trial court reversibly erred in denying the motion to suppress statements by recorded phone intercept.

Petitioner supports ground three by arguing that his appellate counsel was ineffective for failing to raise on direct appeal that the trial court erred in denying his motion to suppress his statements made on a recorded phone interception.  He argues that the consent form to the interception of the communication was signed by Phyllis Presley, the alleged victim's aunt and guardian, and not by the thirteen year old child herself.  He contends the consent form was therefore invalid.  He further argues that his trial counsel misstated the statute

number in his motion which caused the trial court judge to deny the motion.

Basically Petitioner's argument is that the interception of his phone communication was a violation of his fourth amendment rights. But federal courts are precluded from conducting post-conviction review of fourth amendment claims where state courts have provided an opportunity for full and fair litigation of those claims. Stone v. Powell, 428 U.S. 465 (1976). His trial counsel filed a motion to suppress the statement and the trial court ruled against him. Further, the trial court was correct since a legal guardian may sign consent forms on behalf of a minor in their custody. This Court agrees with the reasoning of the trial court in denying Petitioner's motion for post-conviction relief:

> Defense counsel filed a Motion to Suppress these statements on March 8, 2000. The Court held a full hearing on the Defendant's Motion on March 16, 2000. Prior to that hearing, defense counsel had deposed Detective Ogline, Detective Kirkland, Phyllis Presley (the child-victim's guardian), and the child victim herself. At that hearing, defense counsel thoroughly cross-examined the detectives and Ms. Presley on the issue of whether a valid consent was given by the child victim as the participant to the taping of the telephone call by law enforcement. (3/16/00 Tr. at 11-13, 22-27, 33-45). Defense counsel also called and examined the child victim on this issue. (3/16/00 Tr. at 55-61). The record reflects the Court held a full hearing and listened to the argument of both counsel before holding the taped statements admissible. (3/16/00 Tr. at 63-73).
>
> The Defendant fails to indicate how his counsel's performance at this motion hearing prejudiced him. The fact that the Court ruled against him does not render counsel ineffective.

(Order Denying Defendant's Motion for Post-Conviction Relief at pp. 10-11).

**Ground Four:**      Appellate counsel was ineffective for failing to challenge Petitioner's conviction for handling and fondling in count seven of the information.

Petitioner supports ground four by arguing that his appellate counsel failed to challenge his conviction for handling and fondling in a lewd and lascivious manner in count seven "because the information which charged sexual battery in count VII did not include the statutory elements of handling and fondling in a lewd and lascivious manner." (Petition, pp.9, D23).  In its response, the government points out that he was found guilty by the jury of the lesser included offense of lewd and lascivious conduct as to count seven (which was submitted to the jury as count six on the verdict form) and was also found guilty by the jury of the lesser  included offense of battery as to count eight (which was submitted as count seven, capital sexual battery, on the verdict form).  Petitioner does not argue that it was inappropriate for the jury to find him guilty of a lesser included offense of the offense charged.  It was certainly not deficient performance on the part of his appellate counsel to decide not to make this meritless argument.

Therefore, ground four must be denied.

**Ground Five:**      Appellate counsel was ineffective for failing to raise the issue that fundamental error occurred where Petitioner was convicted of an uncharged offense.

This claim appears to relate to the difference in the numbering of the counts on the verdict form compared to the charging document.  Petitioner argues that the jury was given a copy of the amended information to use during deliberations "without any notice that the numbers assigned to each count of the amended information would not correspond with the

numbers assigned to each count on the verdict forms."

This is a bare conclusory argument on the part of Petitioner.  He points to nothing in the record to show any confusion on the part of the jury.  Without any evidence of confusion, appellate counsel certainly cannot be faulted for failing to raise a meritless argument. Ground five fails to meet either prong of <u>Strickland</u> and must be denied.

> **Ground Six:** Appellate counsel was ineffective in failing to raise the issue that fundamental error occurred in that several of the convictions and sentences are in violation of the due process and/or double jeopardy clause of the state and federal constitutions and/or trial court reversibly erred in denying the defense motion for judgment of acquittal as to several of the convictions.

Petitioner argues in support of ground six that there was no evidence to support the separate individual touchings with which he was charged and convicted.  He contends that the alleged victim:

> . . . did not testify as to how much time, if any, lapsed between the two inappropriate touchings which allegedly occurred between July 31, 1991, and July 30, 1997.  Neither did the victim testify as to how much time, if any, elapsed between the three inappropriate touchings which allegedly occurred between July 31, 1997, and July 30, 1998.  The only thing the victim testified to was how old she was when the alleged incidents occurred.  Although this was sufficient to separate and distinguish the two inappropriate touchings between July 31, 1991, and July 30, 1997, from the three inappropriate touchings between July 30, 1997, and July 30, 1998 - it was far from sufficient to separate and distinguish between the individual inappropriate touchings during the two time periods.

The deficiency in Petitioner's argument is that there was evidence from the alleged victim that there were separate touchings during these time periods.  The victim's inability to put a date on the separate touchings does not render Petitioner's conviction a violation of

the double jeopardy clause.

There is no showing that Petitioner's counsel was deficient and therefore ground six must be denied.

**Ground Seven:**     Trial counsel was ineffective in failing to object to the Petitioner being handcuffed and shackled during his trial.

Petitioner refers to the ineffectiveness of his appellate counsel in ground seven, but it appears that the argument is being made about his trial counsel.  Only his trial counsel would have had the opportunity to object to Petitioner being handcuffed and shackled during the trial.

The Court notes that Petitioner has expanded this claim from the one submitted to the state trial court in his post-conviction relief motion.  The state court denied this claim, in part, because Petitioner did not make any claim that the jury had actually seen him handcuffed or shackled and that, therefore, there was no showing of prejudice.  In the petition before this Court, Petitioner now claims that "he was seen by the jury handcuffed on more than one occasion, as he reached to touch his counsel, when he drank some water and when he waved to his wife at the reading of judgment."   As noted in the section herein on Standard of Review, Petitioner is not allowed to expand his claims in this Court from those he made or was required to establish in state court.  The state court properly addressed this claim in the defendant's post-conviction relief motion where it stated:

> Defendant claims error in that he was present in court in shackles and handcuffs during his trial.  In support, he points to an affidavit he prepared for his mother in which she states, "I seen the Defendant Donald R. Nebel shackled on the 5 day of April, 2000, during the jury trial."  Additionally, he

alleges that he had to be unrestrained in order to hug his mother.

Initially, the Court notes that any claimed error by the Defendant on the part of the Court in having him shackled should have been raised on appeal. "Issues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack." *Harvey v. Dugger*, 656 So.2d 1253, 1256 (Fla. 1995). Postconviction proceedings under Rule 3.850 are not be used as a second appeal, nor is it appropriate to use a different argument to relitigate the same issue(s). *See Torres-Arboleda v. Dugger*, 636 So.2d 1321, 1323 (Fla. 1994).

To the extent he may be claiming that counsel was ineffective for allowing him to appear in court in handcuffs and shackles, the Defendant's claim is also rejected. It is well established that the court is under an obligation to maintain safety and security in the courtroom. *See Blanco v. State*, 603 So.2d 132 (Fla. 3d DCA 1992). The Defendant has failed to raise any allegations that the jury viewed him in handcuffs and/or shackles or that they were prejudiced thereby. Moreover, with regard to the allegation about hugging his mother, the jury was not present in the courtroom at that time. (T.T. 456-457) As a result, the Defendant has once again failed to demonstrate any prejudice.

(Order Denying Defendant's Motion for Postconviction Relief at pp. 11-12).

Further, even if the jury did see him in handcuffs or shackles, that would not necessarily render his trial fundamentally unfair. Petitioner has certainly pointed to no evidence in the record that a juror saw his handcuffs or shackles, or that any such sighting affected the verdict. Therefore ground seven is without merit and will be denied.

**Ground Eight:**    Trial counsel was ineffective in failing to investigate witnesses for his defense.

Similar to ground seven, Petitioner has expanded his claim from that made before the state trial court on this ground. Before the state trial court, Petitioner claimed that his counsel was ineffective for not calling additional witnesses and listed the names from his witness list filed before trial, but failed to set forth the substance of the testimony of the witnesses or

explain how the omission of the testimony changed the outcome of the trial. This Court is limited to a review of the record as it appeared to the state court unless Petitioner meets one of the exceptions under 28 U.S.C. §2254(e)(2) as explained in the evidentiary hearing section above. Petitioner does not meet either of those exceptions in this case. Therefore, this Court accepts the reasoning of the trial court on this ground where it stated:

> Defendant alleges that counsel was ineffective for failing to investigate witnesses to call for his defense. The failure to investigate exculpatory witnesses can form the basis for a facially sufficient motion for postconviction relief. *See Campbell v. State*, 616 So.2d 995 (Fla. 2d DCA 1992); *Young v. State*, 511 So.2d 735 (Fla. 2d DCA 1987). In order to state a facially sufficient claim for relief, the Defendant must set forth the identity of the witness, the substance of the witness's testimony and an explanation of how the omission of that testimony prejudiced the outcome of his trial. *See Robinson v. State*, 659 So.2d 444 (Fla. 2d DCA 1995).
>
> In this case, the Defendant has failed to meet this standard, having only identified the witnesses to the witness list filed by his counsel prior to trial. The Defendant fails to set forth the substance of the testimony that would be offered by any of these witnesses, nor does he explain how the omission of this testimony prejudiced the outcome of his trial. Indeed, given the nature of the offenses charged, it is difficult to determine what testimony these witnesses could have given that would have been relevant to the elements of the offenses. Nonetheless, the Defendant's claim is rejected as being legally insufficient.

(Order Denying Defendant's Motion for Postconviction Relief at pp. 5-6).

Having failed to meet either prong of the <u>Strickland</u> test, ground eight must be denied.

**<u>Ground Nine:</u>**     Appellate counsel was ineffective for failing to raise the issue that the trial court reversibly erred in overruling defense counsel's objections and allowing the admission of prior consistent statements of the victim.

Petitioner complains that the trial court erred in admitting certain prior consistent statements of the alleged victim.   Under Florida law, prior consistent statements are admissible only in certain limited circumstances.   The trial court admitted a portion of the alleged victim's prior consistent statement and Petitioner claims this was error.   He further claims that his appellate counsel was ineffective for failing to raise this issue on appeal.

Again, this Court does not sit as a super appellate court to determine the correctness of evidentiary rulings.   That is a function of the state court system.   But, here, Petitioner has a further problem - his trial counsel did not object to the admissibility of the statements so the issue was not preserved for appeal.   His claim is that his appellate counsel, not his trial counsel, was ineffective.   Appellate counsel cannot be deemed deficient for failing to raise an issue on appeal that has not been preserved.   The state trial court correctly and appropriately addressed this issue by stating:

> Petitioner next alleges that appellate counsel should have argued that the trial court improperly admitted the victim's prior consistent statement in the initial brief.   However, Petitioner fails to show how his counsel's failure to include this argument in the initial brief was deficient performance or that the omission contributed to the outcome.
>
> In a tape recorded statement, the victim spoke with Deputy Stroup about the incidents of inappropriate contact.   The State asked the court to admit the tape recorded statement of the victim.   (Appendix 15 at page 284.)   The State contended that the statements were admissible to rebut Petitioner's claim of recent fabrication.   (Appendix 15 at page 284.)   The trial court limited the admission of the taped statement to references to the number of times Petitioner vaginally penetrated the victim.   (Appendix 15 at page 287.)
>
> After a recess, the State chose two portions of the taped statement for Deputy Stroud to read.   (Appendix at page 288.)   The record shows that while the defense objected to admission of the whole tape, it had "no problem" with this

limited testimony. (Appendix 15 at page 289.) As such, trial counsel waived any objection to the testimony. Since appellate counsel cannot be deemed ineffective for failing to raise an issue which was not preserved at trial for appellate review, <u>Haye v. State</u>, 713 So.2d 1061 (Fla. 5th DCA 1998), Petitioner cannot demonstrate the first prong of <u>Strickland</u>.

Even if this Court finds that trial counsel did not waive an objection, Petitioner cannot demonstrate that appellate counsel's omission was deficient performance. Generally, prior consistent statements are not admissible to bolster a witness's testimony at trial. <u>Chandler v. State</u>, 702 So.2d 186 (Fla. 1997). However, prior consistent statements are considered admissible non-hearsay if the person who made the prior consistent statement testifies at trial and is subject to cross-examination concerning that statement and the statement is offered to rebut an express or implied charge of improper influence, motive, or recent fabrication. <u>Id.</u> at 197-98.

The State, in this case, introduced statements solely to rebut Petitioner's claim that the victim fabricated the number of times there was vaginal penetration at trial. Appellate counsel is not necessarily ineffective for failing to raise a claim that might have had some possibility of success; effective appellate counsel need not raise every conceivable nonfrivolous issue. <u>Provenzano v. Dugger</u>, 561 So.2d 541, 549 (Fla. 1990). Therefore, Petitioner failed to demonstrate prejudice.

(Response to Petition for Writ of Habeas Corpus at pp. 5-7.)

Having failed to show that appellate counsel was deficient, ground nine must be denied.

## <u>CONCLUSION</u>

Having determined that all nine grounds are without merit, the petition should be denied. It is therefore

ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2003\03-cv-1731.habeas.wpd*